IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Eugene Cotter, ) | C/A No. 0:14-2846-BHH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This social security matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) on the defendant's motion pursuant to sentence four of 42 U.S.C. § 405(g) that the Commissioner's decision be reversed and that the case be remanded to the Commissioner for further administrative proceedings. (ECF No. 22.) Although Plaintiff John Eugene Cotter did not file a response to the defendant's motion, the defendant indicates that Cotter opposes her motion and instead requests that the matter be remanded for payment of benefits from April 10, 2012. (ECF No. 22 at 2; see also Pl.'s Br., ECF No. 20.)

In this action, Cotter argues that the ALJ erred at Step Five of the sequential process. See 20 C.F.R. § 404.1520 (describing the sequential process). Specifically, Cotter argues that pursuant to the medical-vocational guidelines, located at 20 C.F.R. Part 404, Subpart P, appendix 2 (the "Grids"), he should have been found disabled at age fifty-five, which he reached on April 10, 2012. In support of this position, Cotter argues that he was unable to perform his past relevant work, was of advanced age, and was found limited to a reduced range of unskilled, light work. (See Pl.'s Br. at 12-13, ECF No. 20 at 12-13) (citing 20 C.F.R. Pt. 404, Subpt. P, app. 2, § 202.02). Additionally,

Cotter indicates in his brief that for purposes of this appeal he is not contesting any of the administrative findings and states that he is waiving claim to benefits from his alleged onset date until he reached age fifty-five if the court remands this matter for an award of benefits beginning April 10, 2012. (Pl.'s Br. at 14, ECF No. 20 at 14.)

The Commissioner filed a motion to remand this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The Commissioner states that she "believes that further administrative action is warranted in this case." (ECF No. 22-1 at 1.) Specifically, the Commissioner asserts that

> [i]n his decision denying Plaintiff's application for disability benefits, the administrative law judge (ALJ) failed to address the borderline age issue at step five of the sequential evaluation process. Because Plaintiff's age category changed from "person closely approaching advanced age" to "person of advanced age," the ALJ was required to consider Plaintiff under the Medical-Vocational Guidelines at the "advanced age" category. See 20 C.F.R. §§ 404.1563(b), (d), (e), 416.963(b), (d), (e). Additionally, the ALJ should further address the opinions of the treating, examining, and non-examining medical source opinions and explain the weight given to such opinion evidence; reassess the claimant's residual functional capacity (RFC), providing appropriate rationale with references to evidence of record in support of the assessed limitations; and, if warranted by the expanded record, obtain supplemental vocational expert evidence.

(Id. at 1-2.) However, Cotter is not challenging the ALJ's analysis of the opinion evidence, his residual functional capacity assessment, or any of the vocational expert's testimony. The sole challenge by Cotter is whether the ALJ erred in failing to consider the age category for a "person of advanced age," as Cotter attained age fifty-five during the relevant time period of the ALJ's decision, and that the ALJ ultimately erred in failing to find that he met § 202.02.

Upon review of the record and the parties' arguments, the court finds that it is clear that Cotter is entitled to benefits beginning April 10, 2012. There are no apparent ambiguities in the



ALJ's decision that prevent the court from definitively making that determination. The ALJ found that under the age category "closely approaching advanced age," § 202.11 directed a finding of not disabled. Section 202.11 provides that for an individual in that age category with limited or less education and skilled or semi-skilled prior work experience where the skills are not transferable, a finding of not disabled is directed. Section 202.02 is the corollary section to section 202.11 for an individual in the age category "advanced age," providing that for an individual in the advanced age category with limited or less education and skilled or semi-skilled prior work experience where the skills are not transferable, a finding of disabled is directed. No further clarification by the ALJ is required to reach this conclusion as the record clearly establishes Cotter's entitlement to benefits since April 10, 2012. Therefore, the court finds that remand for further proceedings would serve no useful purpose and would result in unnecessary delay. See Crider v. Harris, 624 F.2d 15 (4th Cir. 1980) (finding remand for an award of benefits was warranted where the individual's entitlement to benefits was "wholy established" on the state of the record); Smith v. Astrue, No. 3:10-66-HMH-JRM, 2011 WL 846833, at *3 (D.S.C. Mar. 7, 2011) ("Whether to reverse and remand for an award of benefits or remand for a new hearing rests within the sound discretion of the district court.") (citing Edwards v. Bowen, 672 F. Supp. 230, 237 (E.D.N.C. 1987)); cf. Radford v. Colvin, 734 F.3d 288, 294-95 (4th Cir. 2013) ("Although we hold that the district court did not apply the wrong legal standard, we nonetheless vacate its judgment because it chose the wrong remedy: Rather than 'reversing' the ALJ and remanding with instructions to award benefits to Radford, the district court should have vacated and remanded with instructions for the ALJ to clarify why Radford did not satisfy Listing 1.04A.").

Accordingly, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for an award of benefits beginning April 10, 2012.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 19, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).